2009 BNH 022
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                     Bk. No. 09-11862-MWV
                                                                           Chapter 7
Seff Enterprises & Holdings, LLC,
                    Debtor

*Robert L. O'Brien, Esq.*
*Attorney for Debtor*

*Robert S. Carey, Esq.*
*ORR & RENO, P.A.*
*Attorney for Antonia Shelzi*


## MEMORANDUM OPINION

The Court has before it a motion filed by Antonia Shelzi ("Shelzi") seeking to dismiss, abstain, or grant relief (the "Motion") from a voluntary petition filed by Joseph Foistner ("Foistner") on behalf of Seff Enterprises & Holdings, LLC (the "Debtor"). The petition was filed on May 21, 2009. Shelzi's Motion seeks dismissal, abstention, or relief from the petition under 11 U.S.C. §§ 707(a), 305(a)(1), and 362(d)(a), respectively.[1] On August 12, 2009, the Court held a hearing on the Motion and took the matter under advisement. For the reasons discussed below, the Court grants the Motion, and the petition is dismissed pursuant to 11 U.S.C. § 305(a)(1).

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

Foistner alleges to be a managing member of the Debtor. In this capacity and on behalf of the Debtor, Foistner filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code with this Court on May 21, 2009. Shelzi purports that she and Foistner each hold a fifty percent membership interest in the Debtor. Shelzi alleges that the Debtor's operating agreement required consent of all members prior to filing the bankruptcy petition. Foistner, on the other hand, contends that as a manager, he had the authority to enter into bankruptcy on behalf of the Debtor. Additionally, Foistner asserts that Shelzi was removed from her position as a member of the Debtor. Prior to the filing of the petition, Shelzi commenced an action in Hillsborough Country Superior Court, Northern District (the "state court action") in 2005 against Foistner to recapture property for the Debtor. The State Court Action involves the dispute as to whether Shelzi is a member of the Debtor. A trial in the State Court Action was set to begin in June, 2009. However, the State Court Action was stayed due to commencement of this bankruptcy petition. Shelzi requests that the Court dismiss, abstain, or grant relief so that she may pursue the State Court Action.

## DISCUSSION

Section 707(a) provides that:

> The court may dismiss a case under this chapter only after notice and a hearing only for cause, including —
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). None of the causes listed in § 707 apply to this case. While § 707(a) contains an illustrative and not an exhaustive list, to assert a "cause" not listed under § 707(a), the movant must show the existence of extreme misconduct, such that the court should find "cause" to dismiss the case under § 707(a). Otherwise, § 707(a) is inappropriate to assert as grounds for dismissal. Upon review, the Court finds an absence of conduct that can be characterized as extreme. As such, § 707(a) is inapplicable to the

case at hand.

Section 305(a)(1) provides that "[t]he Court, after notice and a hearing, may dismiss a case under this title . . . at any time if the interests of the creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1). In determining whether dismissal is appropriate under § 305(a)(1), the Court should consider the interests of the creditors and debtor, as well as the efficiency and economy of administration that would be served by dismissal. See In re Deacon Plastics Mach., Inc., 49 B.R. 982, 982 (Bankr. D. Mass. 1985). Additionally, the Court should determine whether the bankruptcy proceeding fits within the intended scope of the Bankruptcy Code as enacted by Congress. See In re Nesenkeag, Inc., 131 B.R. 246, 247 (Bankr. D.N.H. 1991).

Chapter 7 cases, in which the Debtor is a business, serve the purpose of allowing the liquidation of assets in a fair and orderly manner. However, where there are no assets in an estate, this purpose is not served. On July 20, 2009, the Chapter 7 Trustee filed a Report of No Distribution (Ct. Doc. No. 28). Consequently, the Court believes that the empty estate of the Debtor provides no benefit to the creditors or Debtor. Furthermore, the Debtor's bankruptcy filing is essentially a two-party dispute between Foistner and Shelzi. The Debtor's unsecured debts total $6,555,357. However, only $75,305 of that amount constitutes debt unrelated to Foistner's and Shelzi's internal dispute. While two adversary proceedings have been filed within this bankruptcy case (09-1127-MWV and 09-1135-MWV), both cases involve parties who are non-debtors. Whether Foistner was authorized to enter the Debtor into bankruptcy remains a viable question that is the subject of the state court action. The state court action is prepared to proceed, and state court – not bankruptcy court – is the proper forum for the Fositner/Shelzi dispute. "This is simply a 'two-party lawsuit' which has been transferred from the state courts to this court . . . that amounts to nothing more than further delay . . . ." Nesenkeag, 131 B.R. at 249. Accordingly, the Court believes it is in the best interests of the creditors and Debtor that this case be dismissed pursuant to § 305(a)(1). As a result, all adversary proceedings are also dismissed.

## CONCLUSION

For the foregoing reasons, Shelzi's motion to dismiss, abstain, or for relief from stay (Ct. Doc. No. 21) is granted insomuch as the case is dismissed pursuant to 11 U.S.C. § 305. All adversary proceedings are also dismissed. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order and final judgments consistent with this opinion.

DATED this 26th day of August, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge